UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Number: |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK S. CROSS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INFORMATION

The United States of America informs the Court that:

### COUNT ONE

[18 U.S.C. § 1544 – Misuse of Passport]

On or about October 26, 2003, within the Southern District of Texas and elsewhere, the defendant,

**MARK S. CROSS,**

willfully and knowingly used United States diplomatic passport number 900410691, issued to him on or about January 30, 2002 in connection with his employment with the United States Department of State, in violation of the conditions and restrictions therein contained and/or of the rules prescribed pursuant to the laws regulating the issuance of passports, in that, after his resignation and separation from the United States Department of State, MARK S. CROSS used the diplomatic passport to re-enter the United States as Houston George Bush Intercontinental

Airport in Houston, Texas in connection with his personal travel to London, United Kingdom.

In violation of Title 18, United States Code, Section 1544.

Dated: This 20th day of March, 2007.

Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section

By: _____
ERIN ASLAN
Trial Attorney
United States Department of Justice
Criminal Division
Public Integrity Section
1400 New York Ave., NW, 12th Floor
Washington, DC 20005
(202) 514-1412 – Telephone
(202) 514-3003 – Facsimile
erin.aslan@usdoj.gov

- 2 -

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Number: |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK S. CROSS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PLEA AGREEMENT

The United States of America and MARK S. CROSS (hereinafter "the defendant") enter into the following agreement:

Charges and Statutory Penalties

1. The defendant agrees to plead guilty to Count One, Misuse of Passport, in violation of Title 18, United States Code, Section 1544 of the Information filed against him. If the Court accepts the defendant's plea of guilty to this charge, and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for crimes arising from the facts set forth in the Statement of Offense.

2. The defendant understands that Count One has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

      a. First, the defendant used or attempted to use any passport in violation of the conditions or restrictions therein contained or of the rules prescribed pursuant to the laws regulating the issuance of passports; and

      b. Second, that the defendant did so knowingly and willfully.

3. The defendant understands that, pursuant to 18 U.S.C. §§ 1544, 3583, the maximum penalties for Count One are a sentence of ten (10) years of imprisonment, a fine of $250,000, a $100 special assessment, a three (3) year term of supervised release, and an obligation to pay any applicable interest or penalties on fines not timely made.

4. The defendant is aware that the Court will impose sentence after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying, in part, on the results of a Pre-Sentence Investigation by the United States Probation Office (hereinafter "Probation Office"), which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5. The Public Integrity Section, Criminal Division, United States Department of Justice (hereinafter "Public Integrity") reserves the right to inform the Court and the Probation

Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, Public Integrity further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this plea agreement.

**Factual Stipulations**

7. The defendant agrees that the attached "Statement of the Offense" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty. It is anticipated that prior to or during the plea hearing, the defendant will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines Stipulations**

8. The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2002 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Rule 11(c)(1)(B) of the Federal Rule of Criminal Procedure (hereinafter "Fed. R. Crim. P."), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

a. <u>Offense Level under the Sentencing Guidelines</u>

The parties agree that Sentencing Guideline applicable to the offense to which the defendant is pleading guilty is U.S.S.G. § 2L2.2, which applies to, among other things, "Improperly Using a United States Passport." The parties further agree that, pursuant to subsection (a), the defendant's base offense level is eight (8), and that none of the specific offense characteristics or cross references set out in subsections (b) and (c) apply to the defendant.

b. <u>Acceptance of Responsibility</u>

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a two (2) level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

      i. fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

      ii. challenges the United States' offer of proof at any time after the plea is entered;

      iii. denies involvement in the offense;

      iv. gives conflicting statements about that involvement or is untruthful with the Court, the United States, or the Probation Office;

     v.     fails to give complete and accurate information about the defendant's financial status to the Probation Office;

     vi.     obstructs or attempts to obstruct justice, prior to sentencing;

     vii.     has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

     viii.     fails to appear in court as required;

     ix.     after signing this Plea Agreement, engages in additional criminal conduct; or

     x.     attempts to withdraw the plea of guilty.

In accordance with the above, the applicable Guidelines Offense Level is six (6).

    c.    <u>Criminal History Category</u>

Based upon the information now available to Public Integrity (including representations by the defense), the defendant has no prior criminal convictions and one prior arrest from 1995 for which a <u>nolle prosequi</u> was entered.

In accordance with the above, the defendant's Criminal History Category is one (I).

    d.    <u>Applicable Guideline Range</u>

Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range is zero (0) to six (6) months (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Sentencing Guidelines level six (6), the applicable fine range is $500 to $5,000.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

**Agreement as to Sentencing Allocution**

9.   The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). In addition, although not binding on the Probation Office or the Court, neither party will seek or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range. Nothing in this Plea Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above.

**Court Not Bound by the Plea Agreement**

10.   It is understood that, pursuant to Fed. R. Crim. P. 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Sentencing Guidelines range, or other sentencing issues. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Sentencing Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Appeal Waiver**

11. The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concessions made by Public Integrity in this Plea Agreement, the defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

    a. the defendant's guilty plea and any other aspect of the defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

    b. the defendant's sentence or the manner in which his sentence was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum, or the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

12. The defendant further understands that nothing in this Plea Agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this Plea Agreement, the

defendant acknowledges that the defendant has discussed the appeal waiver set forth herein with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in cases of the District of Columbia Circuit Court of Appeals or the Supreme Court decided after the date of this Plea Agreement that are held by the District of Columbia Circuit Court of Appeals or Supreme Court to have retroactive effect.

**Release/Detention**

14. The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty. Should the defendant engage in further criminal conduct prior to sentencing, however, the United States may move to change the defendant's conditions of release.

**Breach of Agreement**

15. The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement. In the event of such a breach:

    a.    the United States will be free from its obligations under the Plea Agreement;

    b.    the defendant will not have the right to withdraw the guilty plea;

c.  the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and

d.  the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

16. The defendant acknowledges discussing with his attorney Fed. R. Crim. P. 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under these rules.

17. The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

18. Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Plea Agreement or

committed by the defendant after the execution of this Plea Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

19.  It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### Waiver of Venue

20.  The defendant agrees, for purposes of entering his initial appearance, arraignment, plea of guilty, sentencing and all other appropriate proceedings relevant to the filing of this Plea Agreement, to consent to the jurisdiction of the United States District Court for the District of Columbia. The defendant expressly waives his right to object to venue in the District of Columbia.

### Bar to Employment with Federal Government

21.     The defendant agrees that he will not solicit or accept employment with the United States government for a period of three (3) years from the date of sentencing. The defendant understands that this prohibition will be included as a condition of his probation and/or supervised release, and that a violation of this condition could result in the defendant's imprisonment or return to prison.

### Complete Agreement

22.     No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for Public Integrity.

23.     The defendant further understands that this Plea Agreement is binding only upon Public Integrity Section, Criminal Division, United States Department of Justice. This Agreement does not bind the Civil Division, any United States Attorney's Office, or any other subdivision of the United States Department of Justice, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

24.     If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing the Plea Agreement in the space indicated below and returning the original to

Public Integrity once it has been signed by the defendant and his attorney.

                                          Respectfully submitted,

                                          WILLIAM M. WELCH II
                                          Chief, Public Integrity Section

By:    _____
        ERIN ASLAN
        Trial Attorney
        United States Department of Justice
        Criminal Division
        Public Integrity Section
        1400 New York Ave. NW, 12th Floor
        Washington, DC 20005
        (202) 514-1412 – Telephone
        (202) 514-3003 – Facsimile
        erin.aslan@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with Public Integrity. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Date: 03/13/2007

MARK S. CROSS
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 3/19/2007

ANDY DRUMHELLER, Esquire
DEREK HOLLINGSWORTH, Esquire
Attorneys for the Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Number: |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK S. CROSS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATEMENT OF OFFENSE

The United States of America, by and through its undersigned attorney, Erin Aslan, Trial Attorney, United States Department of Justice, Criminal Division, Public Integrity Section, and the defendant, MARK S. CROSS, personally and through his undersigned counsel, Andy Drumheller, Esq., hereby stipulate to the following facts pursuant to United States Sentencing Guidelines § 6A1.1 and Rule 32(C)(1) of the Federal Rules of Criminal Procedure, that beginning on or about September 10, 2002, and continuing until on or about October 26, 2003, in Caracas, Venezuela, Houston, Texas, and elsewhere:

1. From on or about September 10, 2001 until on or about October 17, 2003, MARK S. CROSS was employed by the United States Department of State ("State Department") as a Foreign Service Officer. Following several months of consular training and language skill development, MARK S. CROSS was assigned to the Consular Section of the United States' Embassy in Caracas, Venezuela ("Consular Section"), where he worked from in or around May 2002 until in or around October 2003.

2. In Caracas, MARK S. CROSS was, among other things, responsible for reviewing and processing applications by Venezuelan citizens for non-immigrant visas to travel to the

United States. In furtherance of these duties, MARK S. CROSS received formal training, as well as periodic briefings and guidance from his supervisors at the Consular Section regarding the appropriate procedures and criteria to employ in reviewing and processing non-immigrant visa applications.

3. One of the topics covered in the training, briefing, and guidance was the appropriate method of utilizing the Consular Lookout and Support System ("CLASS"), a database containing criminal history and other security-related information. In reviewing and processing non-immigrant visa applications, MARK S. CROSS was required to check the names of all applicants against the names contained in the CLASS database. In the event that an applicant's name matched a name in the CLASS database, MARK S. CROSS was required to initiate additional investigative steps to ensure that there was no criminal history, security-related issue, or other impediment to issuing a non-immigrant visa to an otherwise qualified candidate. Before issuing a visa, MARK S. CROSS was required to certify that the CLASS database had been queried and that there was no basis, based on the information contained therein, for the exclusion of the applicant from the United States. Under the existing State Department guidelines and protocols during the relevant timeframe, the act of authorizing the visa for printing in the computer system and the computer record that was generated as a result constituted this certification.

4. MARK S. CROSS repeatedly issued non-immigrant visas without initiating and ensuring that the required investigative steps had been undertaken when applicants names matched names in the CLASS database, thus falsely certifying that there was no basis for the exclusion of these applicants when, in fact, there may have been.

5. In addition to the issues related to the CLASS database, MARK S. CROSS also issued a non-immigrant visa to a personal acquaintance on or about June 6, 2003 in violation of the applicable State Department protocols. Specifically, MARK S. CROSS received the visa application after-hours at a residence and later made entries to the paper and computer records relating to the application after he had issued the visa.

6. On or about August 4, 2003, MARK S. CROSS was relieved of his consular visa duties due to the on-going problems with his visa issuances.

7. On or about October 1, 2003, MARK S. CROSS submitted his resignation from the State Department, effective on or about October 17, 2003. MARK S. CROSS left Caracas on or about October 14, 2003 and returned to the United States.

8. In connection with his employment as a Foreign Service Officer, on or about January 30, 2002, the State Department issued the Defendant diplomatic passport number 900410691. This diplomatic passport remained at all times property of the United States and, under the applicable State Department regulations, was to be returned to the State Department upon the termination of MARK S. CROSS' official status or mission for which he was issued the diplomatic passport. Indeed, one of the initial pages inside of MARK S. CROSS' diplomatic passport, entitled "Important Information" (all caps and bold removed), advised that "[t]his passport must be returned to Passport Services, Department of State, for retention or cancellation immediately upon the termination of the official status for which the passport was issued or endorsed." Despite this admonition, MARK S. CROSS retained his diplomatic passport after his resignation from the State Department and return to the United States on October 14, 2003.

9. The applicable State Department regulations further provided that MARK S. CROSS' diplomatic passport was only to be used for official business, with limited exceptions.

With respect to personal travel, MARK S. CROSS was only permitted to use his diplomatic passport for authorized travel to and from the United States and for incidental personal travel while at post. Further, the "Important Information" (all caps and bold removed) page of the passport advised MARK S. CROSS that "[a]ny use of this passport for travel other than that incidental to the discharge of the bearer's or sponsor's diplomatic mission is prohibited, and punishable under Title 18, United States Code, Section 1544." (all caps and bold removed)

10. Notwithstanding these restrictions and advisements, MARK S. CROSS used his diplomatic passport for travel to and from London, United Kingdom in or around October 2003, following his separation from the State Department. On or about October 17, 2003, MARK S. CROSS departed Houston George Bush Intercontinental Airport for London, United Kingdom. On or about October 26, 2003, MARK S. CROSS arrived at Houston George Bush Intercontinental Airport and presented his diplomatic passport for inspection. This trip occurred after MARK S. CROSS resigned from the State Department and thus was personal travel unrelated to his former employment, duties, and mission.

I declare under penalty of perjury under the laws of the United States of America, including 28 U.S.C. § 1726, that the foregoing is true and correct.

Dated: This __13th__ day of __March__, 2007.

                                                          MARK S. CROSS
                                                          Defendant

APPROVED:

WILLIAM M. WELCH II
Chief, Public Integrity Section

By:

| ERIN ASLAN | ANDY DRUMHELLER |
|---|---|
| Trial Attorney | DEREK HOLLINGSWORTH |
| United States Department of Justice | Rusty Hardin & Associates, P.C. |
| Criminal Division | Attorneys at Law |
| Public Integrity Section | 5 Houston Center |
| 1400 New York Avenue, N.W., 12th Fl. | 1401 McKinney, Suite 2250 |
| Washington, DC 20005 | Houston, TX 77010 |
| Telephone: (202) 514-1412 | Telephone: (713) 652-9000 |
| Facsimile: (202) 514-3003 | Facsimile: (713) 652-9800 |
| E-mail: erin.aslan@usdoj.gov | E-mail: adrumheller@rustyhardin.com |
| |         dhollingsworth@rustyhardin.com |