HONORABLE ELLEN SEGAL HUVELLE, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA : Docket No.: <u>CR-07-077-01</u>
 :
vs. : SSN:
 :
CROSS, Mark S. : Disclosure Date: <u>June 27, 2007</u>

**FILED**

AUG 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>RECEIPT AND ACKNOWLEDGMENT OF
PRESENTENCE INVESTIGATION REPORT</u>

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

<u>For the Government</u>
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____     7/11/07
Prosecuting Attorney             Date

<u>For the Defendant</u>
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  _____      _____  _____
Defendant            Date         Defense Counsel       Date

<u>NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM</u>

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>July 11, 2007</u>, to U.S. Probation Officer <u>Elizabeth Suarez</u>, telephone number <u>(202) 565-1341</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By: Gennine A. Hagar, Chief
    United States Probation Officer

Receipt and Acknowledgment                                                Page 2

[redacted]

Signed by: _____
(Defendant/Defense Attorney/AUSA)

Date: 7/11/07



**U.S. Department of Justice**

Criminal Division

Public Integrity Section
1400 New York Avenue, NW
Suite 12100
Washington, D.C. 20005

*Telephone (202) 353-2248*
*Facsimile (202) 514-3003*

July 11, 2007

**VIA FACSIMILE**

Probation Officer Elizabeth Suarez
United States Probation Office
United States District Court
 for the District of Columbia
333 Constitution Ave., NW
Washington, DC 20001

      Re:     United States v. Cross, CR-07-077-01
              Factual Inaccuracies in the Presentence Investigation Report

Dear Probation Officer Suarez:

    The United States agrees with the substance of the guidelines analysis in the Presentence Investigation Report ("PSI Report") for Mark S. Cross ("Defendant"), and writes only to correct or otherwise refine some factual inaccuracies in the PSI Report.

**Charge(s) and Conviction(s) ¶ 2**

    Paragraph 2 of the PSI Report states that "The criminal conduct set forth in this Information occurred on January 30, 2002." In actuality, the Information charges that the Defendant misused his official passport on or about October 26, 2003. Thus, the United States suggests that Paragraph 2 be changed to reflect the accurate date of the charged criminal conduct.

**The Offense Conduct ¶ 9**

    Paragraph 9 states that "Mark S. Cross repeatedly issued non-immigrant visas without initiating and ensuring that the required investigative steps had been undertaken when applicants names matched names in the CLASS database, thus falsely certifying that there was no basis for the exclusion of these applicants when, in fact, there may have been." More specifically, the investigation revealed that between in or around January 2003 and in or around July 2003, the Defendant issued at least approximately 41 non-immigrant visas to individuals without properly investigating these applicants in the CLASS database. Furthermore, on at least two occasions (once on or about July 25, 2003, and again on or about August 1, 2003) agents from the United States Immigration and Customs Enforcement detained and refused entry to immigrants entering the United States with a non-immigrant visa that the Defendant had improperly issued.

Moreover, the Defendant's former supervisors and other witnesses interviewed in connection with the investigation reported that the Defendant had been trained, instructed, and counseled repeatedly regarding CLASS procedures and the importance of completing all required investigative steps prior to issuing non-immigrant visas. The Defendant, however, continued to improperly issue non-immigrant visas after having been put on notice and admonished regarding his improprieties.

Thus, the United States suggests that Paragraph 9 be amended to more completely describe the Defendant's conduct with respect to the number of non-immigrant visas issued improperly and with respect to the Defendant's notice regarding the importance of his responsibility to perform the required investigative steps.

**The Offense Conduct ¶ 10**

Paragraph 10 states that "In addition to the issues related to the CLASS database, Mark S. Cross also issued a non-immigrant visa to a personal acquaintance on or about June 6, 2003 in violation of the applicable State Department protocols." In fact, the Defendant falsified the visa application and related consular records of his personal acquaintance to fabricate a basis for an emergency visa and fraudulently issue a non-immigrant visa.

Among other things, the Defendant made handwritten changes to the visa application—something that the Defendant acknowledged during his April 1, 2004, interview with investigating agents. Specifically, the Defendant altered the time of the anticipated travel to the United States from "December 2003" to "now" and the purpose of the travel to the United States from "tourism" to "emergency." During this same interview, the Defendant claimed that his acquaintance asserted a need to travel to the United States because of a recent death in the family. However, the Defendant's own conduct and the statements of the visa recipient belie the Defendant's proffered explanation. During his March 23, 2006, interview with investigating agents the Defendant's personal acquaintance repeatedly denied having any death in the family that necessitated his travel to the United States. To the contrary, the personal acquaintance explained that the Defendant offered to obtain a visa for him so that the personal acquaintance could travel with his mother to the United States.

Thus, the United States suggests that Paragraph 10 be amended to more completely describe the Defendant's conduct with respect to the non-immigrant visa he fraudulently issued to a personal acquaintance.

**Substance Abuse ¶ 38**

Paragraph 38 omits some relevant facts. In his April 1, 2004, interview with investigating agents the Defendant admitted to having engaged in additional substance abuse. Specifically, the Defendant admitted to having used a drug known as "poppers" in or around April of 2002, while

employed by the State Department. During this same interview, the Defendant also acknowledged having used marijuana during personal travel to Amsterdam, Netherlands, during the summer of 1999. During this same interview the Defendant admitted his failure to report this drug use on his SF-86 Questionnaire for National Security Positions and during his background interview for his Top Secret security clearance. Thus, the United States suggests that Paragraph 38 be amended to more completely describe the Defendant's conduct with respect to his admitted substance abuse.

Please feel free to contact me at (202) 307-3589 if you have any questions or if I can be of further assistance.

Very truly yours,

WILLIAM M. WELCH II, CHIEF
Chief, Public Integrity Section

PETER M. KOSKI
Trial Attorney

cc:   Andy Drumheller, Esq.
      Derek Hollingsworth, Esq.
      Counsel for the Defendant